OPINION OF THE COURT
Roger J. Miner, J.
Pursuant to CPLR article 78, petitioner seeks judgment annulling a determination made after a superintendent’s proceeding, expunging all reference to certain alleged misbehav *938 ior forming the basis for that proceeding and prohibiting respondents from conducting a new proceeding.
It appears that petitioner was an inmate of Great Meadow Correctional Facility on February 16, 1978. On that date, following a disturbance in the mess hall area at the facility, Corrections Officers Westover and Torres filed misbehavior reports relating to petitioner’s conduct. According to Officer Westover’s report, petitioner struck Officer Lobdell several times in the head and body with a belt buckle. According to Officer Torres’ report, petitioner "jumped & kicked Officer Lobdell on his back”.
The misbehavior reports were referred to an adjustment committee. Petitioner advised the committee that he was playing cards with four or five unidentified inmates at the time of the incident subject of report. The committee referred the matter to a superintendent’s proceeding and Louis Granger, a corrections counselor, was designated to furnish assistance to petitioner.
Despite the designation of Mr. Granger, the petitioner was visited at his cell by a corrections counselor named Snapp on February 17, 1978. At that time, Mr. Snapp served petitioner with a copy of the formal charges and advised him that he had been designated to furnish assistance in the superintendent’s proceeding. To date, there has been no explanation as to why there was a substitution of Mr. Snapp for Mr. Granger. In any event the petitioner, prior to the superintendent’s proceeding, sent "interview slips” to both Granger and Snapp, it being his desire that certain persons be interviewed as witnesses in his behalf. Apparently, there was no response from either counselor.
The superintendent’s proceeding was convened on February 21, 1978. At that time, petitioner was advised of his rights and made a brief statement. He also indicated that he preferred to be charged in criminal proceedings rather than in a superintendent’s proceeding. The matter was then adjourned to enable the hearing officer to interview witnesses. The hearing was reconvened on February 24, 1978 and the hearing officer, after again hearing petitioner’s denials, stated that he would "affirm the charges based on the written reports, based on the interviews that I conducted with employees”. Although the hearing officer’s interview with Officer Torres was tape recorded and transcribed, the interview with Officer Westover *939 was not recorded "as a result of mechanical malfunction or human error.”
Petitioner insisted that he did not know the identity of the two corrections officers who preferred the charges against him and that he had been unable to contact the counselor who was to assist him. The hearing officer made a final determination assigning petitioner to a special housing unit, assessed him 360 days of good time and suspended commissary privileges. This determination was confirmed after review in the Department of Correctional Services.
Prison disciplinary proceedings in New York State afford prisoners procedural protections greater than those mandated by the United States Supreme Court. (Wolff v McDonnell, 418 US 539; Matter of Amato v Ward, 41 NY2d 469.) Prisoners are entitled to assistance in such proceedings, but the wording of the regulation affording the prisoner a choice in the matter is ambiguous. (7 NYCRR 253.3 [a]; Hicks v LeFevre, 59 AD2d 423.)
In any event the petitioner here was not given the necessary assistance by either the original or substituted counselor in securing witnesses; he had no access to the statements of the witnesses interviewed and was unaware of their identities. (7 NYCRR 253.3 [b] [c].) Moreover, the failure to record the statement of one witness was a violation of department regulations and an affidavit of that witness furnished upon this application some months after the superintendent’s hearing does not cure the violation. (7 NYCRR 253.4; Matter of Hurley v Ward, 61 AD2d 881; Matter of Rodriguez v Ward, 64 AD2d 792.) Finally, the hearing officer failed to afford petitioner, at the second hearing, an opportunity to comment on the factual circumstances apparently supporting the charge. (7 NYCRR 253.4 [e].) In the opinion of the court the totality of circumstances surrounding petitioner’s disciplinary hearing mandates that the matter be remitted to respondents for further proceedings to be conducted in compliance with applicable regulations.