*199 OPINION OF THE COURT
Michael W. Duskas, J.
This is a special proceeding pursuant to CPLR article 78 in which the petitioner challenges the determination made by the respondents to deny a request for information which was filed pursuant to New York State Freedom of Information Law (Public Officers Law § 84 et seq.).
Petitioner, a staff attorney with Prisoners’ Legal Services of New York, as such, had occasion to investigate an incident that occurred at the Clinton Correctional Facility. An inmate advised petitioner that he had been assaulted by correction officers and that the assault may have been witnessed by inmates who were housed in the same area as the alleged victim.
Petitioner requested, pursuant to the Freedom of Information Law (FOIL), a listing of all inmates housed in One Company, Special Housing Unit 14, an area primarily used for housing inmates who have been segregated from the general population for punitive reasons. The request of the petitioner was eventually answered by providing the petitioner with a copy of the roster of inmates housed in that area; however, that listing was redacted so that the names of all inmates other than petitioner’s client were deleted. This redaction was based upon a claim that the respondents wanted to insure against a unwarranted invasion of privacy.
Petitioner appealed the determination to the Department of Correctional Services counsel’s office and on May 21, 1986, received a response denying his appeal on the basis that a release of an unredacted copy of the list would constitute an unwarranted invasion of the privacy of the inmates involved and could endanger the life and safety of inmates.
This proceeding ensued.
The stated policy behind FOIL is to promote the people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations (Public Officers Law § 84). "FOIL is generally liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government.” (Matter of Washington Post Co. v State Ins. Dept., 61 NY2d 557, 564 [1984].)
The court is required in interpreting FOIL to determine whether or not a requested record is within the scope of FOIL, and then whether or not it is subject to an exemption under *200 the statute. Respondents admit that the information sought constitutes records as defined by FOIL. The only issue to be resolved, therefore, is whether the respondents have satisfied their burden of demonstrating that the record is exempt from disclosure.
Respondents first argue that the information is exempt since disclosure of names of the inmates would constitute an unwarranted invasion of their personal privacy (Public Officers Law § 87 [2] [b]).
Public Officers Law § 89 (2) provides some guidelines regarding what constitutes an unwarranted invasion of personal privacy. The statute does not deal specifically with the type of record here being sought. Respondents allege that the fact an inmate is housed in One Company, Special Housing Unit 14, necessarily implies he is either being punished for some rule infraction or that he has some physical or emotional problem which makes it impossible for him to function in the general population. There might also be a security reason for housing an inmate, when for instance there is some indication that threats have been made against him. Respondents allege that being housed in this special housing unit carries with it a "stigma” and that revealing this stigma to the general public would be an unwarranted invasion of personal privacy.
Petitioner contends that there is nothing in the statute which could provide a basis for such a broad interpretation of this exemption. Petitioner cites cases which indicate that lists of names and addresses of certain groups of people are available for disclosure pursuant to FOIL. (Matter of New York Teachers Pension Assn. v Teachers’ Retirement Sys., 71 AD2d 250 [1st Dept 1979] [retired teachers]; Pasik v State Bd. of Law Examiners, 114 Misc 2d 397 [Sup Ct, NY County 1982] [Bar examiners]; American Broadcasting Co. v Siebert, 110 Misc 2d 744 [Sup Ct, NY County 1981] [licensed check cashers].)
Petitioner also alleges that there is no basis for a claim of privacy, since his client was actually housed with these inmates, and, therefore, had he known their names he could have identified them as potential witnesses.
In light of the fact that New York still has yet to recognize an absolute right to privacy and that the names sought to be elicited are those of convicted felons who have been incarcerated in a State’s prison, it is difficult to imagine what privacy rights need to be protected by refusing to disclose the material *201 requested (De Lesline v State of New York, 91 AD2d 785 [3d Dept 1982]). There is no doubt that a list of names of inmates incarcerated in a particular institution should be readily available for inspection, and the court can see no distinction in making available the actual housing unit within the facility that an inmate has been placed.
Respondents also claim that this material should be exempt pursuant to Public Officers Law § 95 (6) (c) which exempts "personal information pertaining to the incarceration of an inmate at a state correctional facility * * * if such access was provided, could endanger the life or safety of any person”. Respondents contend, although somewhat obliquely, that the petitioner’s client may very well attempt to intimidate or retaliate against other inmates should they be interviewed by the petitioner in regard to the alleged assault.
Since the respondents have admitted that the information is probably already available to the petitioner’s client by virtue of the fact that he was physically housed with the other inmates, this argument is of little merit. Respondents’ conclusory allegations without some hard evidence is insufficient.
It is, therefore, the decision of this court that the decision of the respondents, dated May 19, 1986, denying the petitioner’s request pursuant to New York State Freedom of Information Law is hereby reversed and respondents are directed to provide to the petitioner a list of the inmates housed in Company One, Special Housing Unit No. 14, on November 3, 1985.
Petitioner has also moved during the course of this proceeding for an award of attorney’s fees and costs pursuant to Public Officers Law § 89 (4) (c).
In light of the apparent first impression nature of this request, as well as the demonstrated concern of the respondents for the release of this information, this court is not disposed to grant this relief. There is no showing that the agency lacked any reasonable basis in law for withholding the record.