In the Matter of LUNDES GARRETT, Respondent, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Appellants. (Proceeding No. 1.)

In the Matter of JOHN D. RANSOM, Respondent, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Appellants. (Proceeding No. 2.)

Third Department, May 28, 1987

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter G. Crary* and *Wayne L. Benjamin* of counsel), for appellants.

*Robert C. Hauhart* and *David C. Leven* for respondents.

## OPINION OF THE COURT

YESAWICH, JR., J.

Both petitioners are inmates at Clinton Correctional Facility where they were charged with violations of disciplinary rules. Those charges, which were unrelated, ultimately were dismissed *sua sponte* by the reviewing Hearing Officers. As a result of those hearings, petitioners' institutional disciplinary records reflected the charges which had been lodged against them followed by a notation indicating they had been dismissed. The charges against petitioner Lundes Garrett, that he was talking after "quiet bell" and disturbed the order of the facility by yelling at an officer, were dismissed due to the fact that the case went beyond the allowed 14-day time limit for resolution. The charge against petitioner John D. Ransom, that he had property belonging to another in violation of inmate rules, was dismissed because an investigation by the Hearing Officer disclosed that Ransom was indeed authorized to have the property. Petitioners sought to have any reference to the dismissed charges expunged from their disciplinary records. When these requests were denied, petitioners separately instituted the instant CPLR article 78 proceedings. Supreme Court (133 Misc 2d 938) granted the petitions and ordered expungement; respondents appeal.

Respondents maintain that the relief petitioners seek is in the nature of mandamus to compel, which does not lie here because specific statutory authority allowing respondents to expunge these notations is lacking; thus, it is argued, Supreme Court was powerless to grant the relief it did. Respondents reason that they are under a statutory obligation to record the "continuous case histories" of each prisoner to "assure the complete study of the background and condition of each inmate" (Correction Law § 137 [1]), and that this duty, coupled with the absence of any corresponding requirement to delete entries made on prisoners' records, renders those entries irremovable. They find additional support for their position by contrasting the Correction Law with Family Court Act § 354.1 and CPL 160.50. The latter two statutory provisions expressly allow for the destruction or sealing of records upon the

termination of a proceeding in favor of the accused. It is urged that inasmuch as the Legislature has not seen fit to make similar provision for prisoners' records, expungement cannot be countenanced.

At the outset, we find it a curious anomaly that this reasoning has not deterred respondents' agents from administratively obliterating inmate record entries—here, Ransom's—when they are disposed to do so. More importantly, these proceedings, mischaracterized by respondents as mandamus to compel, are in the nature of mandamus to review; they each have as their purpose a review of an administrative determination which each petitioner claims was arbitrary and capricious or an abuse of discretion, that of the refusal to entertain petitioners' requests to have the dismissed charges removed. Mandamus to review having been invoked, Supreme Court was empowered to annul the determinations and fashion a proper remedy.

Courts of this State, although without extended analysis, have sanctioned expungement as appropriate relief where the charges are improperly brought against an inmate (see, Matter of Jones v Smith, 64 NY2d 1003), or where information in a prisoner's files is concededly without basis in fact (see, Matter of Hetherington v Coughlin, 127 AD2d 594), or where an inmate has been improperly convicted of a disciplinary charge (see, e.g., Matter of Collins v Hammock, 52 NY2d 798; People ex rel. Pignone v LeFevre, 102 AD2d 877). These decisions recognize what cannot be seriously challenged, that prisoners' records are reviewed by, among others, Parole Boards and time allowance committees; that it is imperative therefore that they be free not only of false but mischievously equivocal information which might unfairly and prejudicially impact future deliberations bearing on the inmate's status (see, Matter of Hetherington v Coughlin, supra).

In our view, Supreme Court correctly found the refusal to eliminate these entries arbitrary and capricious as well as an abuse of discretion, and since expunction is an available remedy, it remains but to determine whether by resorting to it the court acted injudiciously. And as to that, it is enough to note that allowing references to charges that have been dismissed to remain in institutional records leaves inmates in jeopardy of having those references improperly used against

them. As cogently observed by Supreme Court in these proceedings, "[t]he mere potential for an indirect penalty being imposed upon prisoners for infractions for which guilt is not established places prisoners in a shockingly unfair status".

MAIN, J. P., MIKOLL, LEVINE and HARVEY, JJ., concur.

Judgments affirmed, without costs.