OPINION OF THE COURT
Paul I. Miles, J.
Petitioners in these article 78 proceedings are inmates at *555 Orleans Correctional Facility. They allege that respondents conducted disciplinary proceedings against them in violation of prior judgments of this court. Those prior judgments annulled disciplinary hearings. The court also intended to preclude rehearings by granting expunction in the prior judgments.
Respondents nevertheless held rehearings based on the misbehavior reports used in the first hearings. A Hearing Officer found each petitioner guilty of violating institutional rules. He then imposed penalties of special confinement and loss of privileges on each petitioner. The Hearing Officer excused petitioners from serving their penalties; they had served identical penalties after the hearings that were annulled and expunged by the prior judgments.
Petitioners argue that the rehearings violated the prior judgments. Respondents contend that the prior judgments "did not expressly or otherwise prohibit the rehearing[s]”. This court disagrees.
Respondents apparently argue that the expunction orders did not affect the misbehavior reports or the results of the urine tests that led to those reports. The Department of Correctional Services (DOCS) cannot argue, in good faith, that the prior judgments in Davis and Rivera did not expressly mandate expunging the misbehavior reports and test results. Those judgments, drafted by DOCS’s counsel, ordered that the hearings be "nullified and all references to the disciplinary proceeding, the charges upon which it was based and the evidence submitted at the hearing should be expunged from petitioner’s institutional, parole and service unit files”. (Emphasis added.)
Applying that language to the misbehavior reports and urine tests is not complicated. Misbehavior reports contain "the charges” upon which the prior hearings were based. Indeed, the reports were the documents charging petitioners with rules violations. Moreover, each report and test result was "evidence submitted at the hearing”. Thus, the misbehavior reports and the test results should have been expunged in Davis and Rivera because the judgments "expressly” mandated their expunction.
The prior judgment in Jameson, drafted by another Assistant Attorney-General, lacks the specificity of the other two. It. simply granted the petition "in accordance with the Memorandum Decision”. The memorandum decision followed Matter of *556 Lahey v Kelly (125 AD2d 923), and granted expunction. The decision did not define expunge.
The court never anticipated a need for such a definition. Traditionally, this court and respondent — or at least the Attorney-General’s regional office — have implicitly understood and acknowledged the distinction between annulment and expunction. Annulment does not preclude a rehearing, ex-punction does. In Matter of Hemphill v New York State Dept. of Correctional Servs. (No. 16083), for example, the judgment ordered expunction and annulment. DOCS requested reargument of the expunction issue, arguing that deficiencies in the disciplinary hearing could be corrected on remand and that expunction was inappropriate because it would preclude such a disposition. DOCS’s argument in Hemphill belies their current argument that it did not know the import of the prior judgments (see also, Matter of Kuzda v Barkley, No. 16067 [order dated July 7, 1986]).
DOCS’s current argument truly troubles this court. The court contemplated finding DOCS in contempt and probably would have if it had been requested to do so by petitioners. DOCS, or at least its counsel, understands the practical distinction between annulment and expunction. Perhaps DOCS personnel should have consulted counsel before presuming to interpret the judgments prepared by its counsel. The court will not be burdened with the responsibility of explaining the legal import of terminology used in every decision and judgment, that is counsel’s function. Moreover, the court is convinced that the rehearings would not have occurred if DOCS had consulted with the Attorney-General’s office before attempting to interpret the decisions and judgments of this court. The court is not, however, convinced that DOCS personnel read the decision and judgments before holding the rehearings; the judgments, especially those in Davis and Rivera, are clear.
Accordingly, the petitions are granted. Respondents are again directed to expunge petitioners’ records. Respondents must expunge all reference to the underlying disciplinary proceedings from petitioners’ records. (See, e.g., Matter of Garrett v Coughlin, 128 AD2d 210.) Nothing emanating from the relevant misbehavior reports and urine tests may be used as a sword against petitions. Respondents may, however, retain necessary information in another file for use as a shield in any proceeding brought against them by petitioners. Again, none of this information may be used offensively against *557 petitioners. Respondents’ counsel must inform this court of the specific steps taken to comply with this decision within 10 days of receipt of this decision. If DOCS has trouble interpreting this decision, or any other decision of this court in which it was represented by an Assistant Attorney-General, it should consult the Attorney-General’s office. That office can then offer legal advice and determine whether application should be made to the court for further guidance.