OPINION OF THE COURT
Jan H. Plumadore, J.
At issue herein is whether or not petitioners, two members *700 of Prisoners’ Legal Services and an inmate, are entitled under the Freedom of Information Law (Public Officers Law § 84 et seq.) (FOIL) to the names of other Muslim Clinton inmates who have filed grievances based on being pat-frisked by female correction officers.
Respondents allege that they were correct in redacting the name(s) of the "grieving” inmates due to Public Officers Law § 87 (2) (b), the sole ground upon which the inmate records coordinator redacted the names and upon which he was administratively affirmed. It is therefore the only ground before the court (Matter of Jennings v Coughlin, 99 AD2d 635; Matter of Lugo v Gaines, 83 AD2d 542; Matter of Massop v LeFevre, 127 Misc 2d 910 [Sup Ct 1985]; see also, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7803.04; Matter of Romano v Ward, 96 Misc 2d 937 [1978]; Hayes v Thompson, 637 F2d 483 [7th Cir 1980]; Matter of Malik v Coughlin, 133 Misc 2d 245; Davilla v Coughlin, Sup Ct, Clinton County, Mar. 12, 1987, Plumadore, J.; Morris v LeFevre, Sup Ct, Clinton County, Feb. 24, 1987, Intemann, J.; Hobson v Coughlin, Sup Ct, Clinton County, Feb. 18, 1987, Intemann, J.; McClean v LeFevre, Sup Ct, Clinton County, Apr. 27, 1987, Plumadore, J.; Crowley v O’Keefe, Sup Ct, St. Lawrence County, May 12, 1988, Duskas, J.).
As petitioners’ reply amply demonstrates (Matter of Morris v Martin, 55 NY2d 1026; Matter of New York Teachers Pension Assn. v Teachers’ Retirement Sys., 71 AD2d 250; Matter of Pasik v State Bd. of Law Examiners, 114 Misc 2d 397; American Broadcasting Cos. v Siebert, 110 Misc 2d 744; Matter of Gannett Co. v County of Monroe, 59 AD2d 309, affd 45 NY2d 954 [1978]), lists of names of frequently if not routinely found to be available under FOIL, including inmates’ names (Matter of Bensing v LeFevre, 133 Misc 2d 198 [Sup Ct, Clinton County, Duskas, J.]; but see, Matter of Newsday, Inc. v Sise, 71 NY2d 146).
In Bensing (supra), the ground most seriously asserted by the respondents was unwarranted invasion of the other (special housing) inmates’ privacy (Public Officers Law § 87 [2] [b]; § 89 [2]) by disclosure of their identities to a fellow special housing unit resident. The court there found that that situation did not fit squarely within any of the section 89 (2) (b) (i)(v) specific definitions of privacy nor within any other (i.e., common law or Public Officers Law § 95 [6] [c] — inmate protection) and permitted disclosure. This court narrowly declines to follow that holding on our specific facts.
*701 As properly pointed out by respondents, 7 NYCRR 701 et seq. sets forth the grievance program and procedures and provides that its papers and information shall be confidential (7 NYCRR 701.14, 701.9 [a] [5], [6]). It is axiomatic that governmental agencies are bound by their own duly enacted rules. Where, as here, they have created a species of privacy as part of the grievance procedure, they are bound to honor it and may lawfully refuse a request for identifying information after having supplied name-redacted grievance documents (Public Officers Law § 89 [2] [a], [b]).
As noted by respondents, it is not absolutely essential to petitioners to litigate pat-frisks of Muslims by female officers as a class action (Vargas v Coughlin, Sup Ct, Clinton County, index No. P-37-87, June 18, 1987; People ex rel. Schipski v Flood, 88 AD2d 197; Matter of Jones v Berman, 37 NY2d 42). Should they still desire to do so, it would be sufficient accommodation if they wrote to the inmate numbers (which were not redacted), the facility delivered them on that basis alone and the inmate(s) in question could then decide whether or not to join the action without their identity(ies) being revealed. Absent such a voluntary future accommodation by respondents, however, the court is constrained to grant their motion to dismiss. Attorney fees are denied due to petitioners’ failure to prevail (Public Officers Law § 89 [4] [c]; see also, Matter of Bensing v LeFevre, supra).