■ In the Matter of DAVID WONG, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Following a Superintendent's hearing, petitioner was found guilty of violating certain institutional rules and a penalty was imposed. An administrative appeal resulted in affirmance. Petitioner then commenced this CPLR article 78 proceeding to annul the administrative determination and have his records expunged of any reference to this incident. After issue was joined Supreme Court, by decision and order dated February 8, 1988, annulled the determination and ordered expungement. By notice of motion dated February 19, 1988, respon-

dents moved for reargument which petitioner opposed by cross motion raising the issue of substantial evidence for the first time. Supreme Court vacated its prior order and permitted petitioner 20 days to submit additional documentation. After receiving an amended petition verified March 28, 1988, Supreme Court transferred the matter to this court (CPLR 7804 [g]).

By letter dated December 27, 1988, the Attorney-General advised this court that respondents would not be submitting a brief and enclosed an administrative order reversing the determination and directing expungement. The Attorney-General, citing to *Matter of Gonzalez v Jones* (115 AD2d 849), requested that this matter be dismissed as moot. Since the initial determination has been administratively reversed, the controversy has ended and respondents' motion to dismiss should be granted *(see, e.g., Matter of Afrika v Jones,* 148 AD2d 811).

Nonetheless, petitioner contends that dismissal is not warranted since the order of expungement is incomplete because it provides that the tapes of the administrative proceeding be retained on file. An order of expungement mandates that all references to the underlying charges be removed from the inmate's record *(see, Matter of Inman v Coughlin,* 131 AD2d 900, 901). Here, as in all similar cases, the tapes will be kept apart from petitioner's file and will be clearly marked expunged. Under such circumstances, retention of the tapes cannot "unfairly and prejudicially impact future deliberations bearing on the inmate's status" *(Matter of Garrett v Coughlin,* 128 AD2d 210, 212) so that the administrative order is sufficient.

Amended petition dismissed, as moot, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.