In the Matter of RONALD DAVIDSON, Respondent, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered February 26, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner is an inmate in the custody of the State Department of Correctional Services who successfully challenged a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating, *inter alia,* rule 108.10 of the Rules of Inmate Behavior (attempted escape). Following Supreme Court's decision, but prior to signing of the proposed judgment, respondents' attorney wrote to the court requesting deletion of that part of the proposed judgment ordering that all references to "the underlying charges and [the] alleged misconduct on which [they were] based" be expunged from petitioner's files. Respondents now argue that the basis for this request was that the proposed judgment allegedly went "far beyond the scope of a routine expungement order" and required respondents to expunge documents which purportedly had no detrimental effect on petitioner's status, were not part of the underlying disciplinary proceeding and were reportedly integral to ongoing Federal litigation apparently instituted by petitioner against respondents. Despite these objections, Supreme Court signed the judgment as drafted by petitioner which corresponded to the relief requested in petitioner's petition. Respondents now appeal.

We find nothing improper in the language employed in Supreme Court's judgment. Despite respondents' contentions otherwise, "[a]n order of expungement mandates that all references to the underlying charges be removed from the inmate's record" *(Matter of Wong v Coughlin,* 150 AD2d 832, 833; *see also, Matter of Liner v Miles,* 133 AD2d 962; *Matter of Inman v Coughlin,* 131 AD2d 900, 901). Accordingly, there is no merit to respondents' contention that only references to the disciplinary hearing should be expunged from petitioner's file. It is beyond argument that allowing references to charges that have been dismissed and other mischievously equivocal information that might be unfairly construed to remain in

prisoners' records leaves inmates in jeopardy of having these references unfairly used against them *(Matter of Garrett v Coughlin,* 128 AD2d 210).

Here, respondents argue that references to petitioner's alleged attempted escape exist in certain documents in petitioner's file that respondents maintain are necessary to defend themselves in pending litigation. The remedy is simple, however, and requires a modification of Supreme Court's judgment. All references to the prior proceeding and underlying charges, including the Federal documents, must be removed from petitioner's files and expunged as ordered. Documents of an evidentiary nature required for defense in pending litigation should be turned over to the Attorney-General's office with the express proviso that they only be utilized in a limited fashion for defensive purposes and never offensively *(cf., Matter of Wong v Coughlin, supra; Matter of Jameson v Johnson,* 136 Misc 2d 554). Additionally, the disputed evidentiary material should not be turned over to the Department of Correctional Services for any purpose.

Judgment modified, on the law, with costs to petitioner, by remitting the matter to respondents for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.