■ In the Matter of ROBERTO SUVILL et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review determinations of respondent which found petitioners guilty of violating certain prison disciplinary rules.

Petitioners were inmates at Great Meadow Correctional Facility in Washington County when, on July 31, 1988, a disturbance broke out in the mess hall. Tear gas was used to quell the violence, which resulted in injuries to correction officers and inmates. For their alleged involvement in the disturbance, petitioners Sandy Serrano and Francis Zavaro were charged with violating disciplinary rule 104.10 prohibiting violence (7 NYCRR 270.2 [B] [5] [i]) and petitioner Roberto Suvill was charged with violating that rule, as well as disciplinary rule 100.10 prohibiting assaults (7 NYCRR 270.2 [B] [1] [i]). Following separate administrative hearings, the charges were sustained and penalties were imposed. The determinations were upheld on appeal, although Zavaro's penalty was modified. Petitioners then commenced this CPLR article 78 proceeding, which has been transferred to this court pursuant to CPLR 7804 (g), to challenge the determinations.*

Petitioners essentially argue that their respective determinations are not supported by substantial evidence. With regard to Serrano and apart from any evidence from confidential or unidentified informants, this petitioner admitted at his hearing that he was present in the mess hall at the time of the disturbance. According to written reports by Correction Lieutenant W. Phillips and civilian cook Edward Ross, relied upon by the Hearing Officer, these individuals observed that all inmates in the mess hall participated in the disturbance. A misbehavior report by Correction Sergeant Kevin Smith fur-

---

* The determination involving petitioner Raymond De Valle has been administratively reversed and his file expunged of references to the challenged determination. Accordingly, insofar as the petition concerns De Valle, it must be dismissed as moot and we do not consider this aspect of the proceeding *(see, e.g., Matter of Martin v Henderson,* 159 AD2d 867; *Matter of Wong v Coughlin,* 150 AD2d 832).

ther established that Serrano was identified in the mess hall by his identification card immediately following the disturbance during the tear gas decontamination process. These facts based on reports by individuals with firsthand knowledge provide substantial evidence to support the determination regarding Serrano's guilt *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139-140).

As to Suvill and Zavaro, however, we reach a different result. Suvill's determination was based on Smith's written misbehavior report dated August 5, 1988 and Phillips' confidential testimony, both of which indicated that Suvill had been identified as a participant in the disturbance by confidential informants. The determination makes no assessment of the informants' reliability and our review of Smith's report and Phillips' testimony (in camera) reveals that the only evidence of reliability was offered by Phillips, who indicated that the informants' credibility had been checked and found to be reliable. This is precisely the kind of third-party credibility assessment that we have repeatedly held insufficient to support a determination *(see, Matter of Kalonji v Coughlin,* 157 AD2d 941; *Matter of Nelson v Coughlin,* 148 AD2d 779, 780). Accordingly, the determination regarding Suvill must be annulled and his file expunged.

Similarly, the Hearing Officer in Zavaro's case relied on the statements of confidential informants who indicated that Zavaro threw trays and other objects at a correction officer. There is no indication that the Hearing Officer made any assessment of the reliability of these informants as required by our decisions *(see also, Matter of McIntosh v Coughlin,* 155 AD2d 762). The other evidence relied on by the Hearing Officer established nothing more than that Zavaro was in the mess hall. Accordingly, there is insufficient support for this determination. These conclusions make it unnecessary to reach the other points raised.

Petition, insofar as making allegations on behalf of petitioner Raymond De Valle, dismissed, as moot, without costs.

Determination as to petitioner Sandy Serrano confirmed, without costs, and· petition, insofar as making allegations on behalf of said petitioner, dismissed.

Determinations as to petitioners Roberto Suvill and Francis Zavaro annulled, without costs, petition, insofar as making allegations on behalf of said petitioners, granted and respondent is directed to expunge all references to this proceeding from said petitioners' files. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.