■ In the Matter of Victor Bryant et al., Petitioners, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review determinations of respondent which found petitioners guilty of violating certain prison disciplinary rules.

Petitioners were involved in a July 31, 1988 "riot situation" which occurred in the north mess hall of Great Meadow Correctional Facility in Washington County. For their part, petitioners Victor Bryant and Kevin Thomas were found guilty, after separate hearings, of violating disciplinary rule 104.10 prohibiting violent group conduct or the threat thereof (see, 7 NYCRR 270.2 [B] [5] [i]). Respondent modified the penalties and upheld the determinations of guilt.* This proceeding followed.

The determination regarding Bryant should be confirmed. Bryant has admitted his presence in the mess hall at the time of the agitation and the record contains several accounts by correction officers and civilian employees that all the inmates in the mess hall participated in the disturbance. In our view, the record provides the requisite substantial evidence to support the determination as to Bryant (see, People ex rel. Vega v Smith, 66 NY2d 130, 139-140; Matter of Suvill v Coughlin, 160 AD2d 1160).

We must, however, conclude differently as to Thomas. The record fails to provide a sufficient showing that Thomas was in the mess hall during the uprising. None of the firsthand reports of the incident identified Thomas. Although Correction Officer John Telisky testified to observing Thomas leave the mess hall, his testimony is not inconsistent with Thomas' assertion that he was not present during the disturbance. Therefore, the record cannot establish by substantial evidence

---

* Before transferring this proceeding, Supreme Court, inter alia, granted a motion to dismiss the petition with respect to petitioners Greg Montalbano and Ivan Cuevas as moot. The determinations involving Montalbano and Cuevas, as well as petitioners Walter Gaddy and Edwin Webb, have been administratively reversed and their files expunged of references to the challenged determinations. Therefore, the petition appertaining them is moot and not considered herein (see, Matter of Wong v Coughlin, 150 AD2d 832).

the requisite nexus between Thomas' alleged presence in the mess hall and his involvement in the incident. Accordingly, the determination regarding Thomas must be annulled and his file expunged of any references thereto.

Petition on behalf of petitioners Walter Gaddy and Edwin Webb dismissed, as moot, without costs.

Determination as to petitioner Victor Bryant confirmed, without costs, and petition on behalf of said petitioner dismissed.

Determination as to petitioner Kevin Thomas annulled, without costs, petition on behalf of said petitioner granted and respondent is directed to expunge all references to this proceeding from said petitioner's files. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.