■ In the Matter of CLIFFORD HOWARD, Respondent, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Appellant. [622 NYS2d 134] —White, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered April 11, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Auburn Correctional Facility in Cayuga County when, on the morning of April 16, 1991, inmate Roberto Martinez was fatally stabbed. Three days later petitioner was charged with violating prison disciplinary rules prohibiting the commission of any Penal Law offense (7 NYCRR 270.2 [A]), violent conduct (7 NYCRR 270.2 [B] [5] [ii]) and assault upon another inmate (7 NYCRR 270.2 [B] [1] [i]) in connection with said stabbing, and on May 2, 1991 petitioner was found guilty of all charges and penalties were imposed. After an unsuccessful administrative appeal, petitioner brought a CPLR article 78 petition challenging the legality of the determination. Supreme Court, Cayuga County, granted the petition, annulled the determination and ordered all reference to the charges expunged since the court found that petitioner was not provided with a valid misbehavior report. In *Matter of Howard v Coughlin* (190 AD2d 1090), the Fourth Department affirmed and agreed that expungement of the charges was the appropriate remedy. While the matter was on appeal, petitioner was convicted in Cayuga County Court of murder in the second degree in connection with the death of Martinez, and was sentenced to 25 years to life on July 14, 1992.

As a result of the murder conviction, a misbehavior report dated February 27, 1993 was filed charging petitioner with a violation of State-wide rule 1.00 (7 NYCRR 270.2 [A]) prohibiting the commission of any offense, based on his criminal conviction for the incident on April 16, 1991. Petitioner was found guilty of this violation and successfully challenged this finding in the present CPLR article 78 proceeding.

Petitioner's main contention is that respondent is barred from bringing these charges a second time in a disciplinary hearing, while respondent maintains that because of the new evidence of petitioner's guilt, i.e., his conviction of murder in the second degree, this is not a relitigation of the same claim but rather a second administrative proceeding based on new information and a change in circumstances. Rule 1.00 provides

that Penal Law offenses may be referred to law enforcement agencies for prosecution through the courts, and that administrative sanctions may also be imposed for criminal behavior. In the current proceeding petitioner is charged with a violation of the same rule (rule 1.00) based upon the same underlying facts as alleged in the 1991 proceeding.

As this Court held in *Matter of Davidson v Coughlin* (154 AD2d 806), expungement mandates that all reference to the underlying charges be eradicated from an inmate's record *(see, Matter of Wong v Coughlin,* 150 AD2d 832; *Matter of Inman v Coughlin,* 131 AD2d 900). Therefore, to uphold a determination of guilt in the instant proceeding and authorize departmental sanctions would in effect impose a penalty upon petitioner for actions expunged in the prior CPLR article 78 proceeding *(see, Matter of Howard v Coughlin, supra).* For these reasons, we are constrained to affirm the judgment of Supreme Court granting the petition.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.