■ In the Matter of RICARDO A. DI ROSE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [640 NYS2d 353] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered March 20, 1995 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for the disclosure of certain documents under the Freedom of Information Law.

Petitioner, a prison inmate, made a request on July 21, 1994

pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for copies of certain inmate grievance log entries, log supplement forms and inmate grievance monthly reports. This was petitioner's third request for the same documents. With respect to the previous requests, petitioner was provided with unredacted copies of documents concerning himself. As to the additional materials, however, respondent granted access only to "the information pertaining to other inmates as contained in the columns characterized Title of Grievance and thereafter" and required that the "name, number and DIN of the grievant" be redacted. Respondent determined that the latter information was protected from disclosure by, *inter alia*, Public Officers Law § 87 (2) (b) and (f). Petitioner's 1994 application for the materials was also denied. Petitioner commenced this proceeding contending that he was entitled to obtain the requested information in unredacted form. Supreme Court conducted an in camera inspection of the documents at issue and concluded that respondent sufficiently demonstrated that the redacted information was exempt from disclosure. Petitioner appeals.

While agency documents are generally subject to disclosure under Public Officers Law § 87, an exemption is provided where disclosure would constitute an unwarranted invasion of personal privacy or endanger the life or safety of any person (*see*, Public Officers Law § 87 [2] [b], [f]). Here, in our view, respondent has satisfied its burden of establishing that the requested information was exempt from disclosure (*see*, *Matter of Spencer v New York State Police*, 187 AD2d 919). The redacted information is not generally available and could be used to identify the particular grievances filed by each inmate. As this Court has stated "[i]n balancing the privacy rights of * * * inmates against [the] competing legitimate interest in obtaining disclosure, that information which is not typically [publicly] available * * * should be redacted" (*Matter of Dobranski v Houper*, 154 AD2d 736, 738; *see*, *Matter of Faulkner v LeFevre*, 140 Misc 2d 699). We agree with Supreme Court that inmates have a reasonable expectation that a grievance they file will be kept private. Having reached this conclusion, it is not necessary for us to determine whether respondent properly denied access to the materials on the basis that "if disclosed [they] would endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]). Petitioner's remaining arguments have been reviewed and found unpersuasive.

Cardona, P. J., Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.