In the Matter of RICKY GRANT, Appellant, v BRIAN FISCH-ER, as Commissioner of Correctional Services, Respondent. [880 NYS2d 580]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 10, 2008 in St. Lawrence County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of possessing an altered item, but not guilty of possessing a weapon. The former charge constituted, at most, a tier II disciplinary rule violation (*see* 7 NYCRR 270.2 [B] [14] [ii]), while the latter charge constituted, at most, a tier III disciplinary rule violation (*see* 7 NYCRR 270.2 [B] [14] [i]). The determination of guilt was upheld on administrative appeal. However, the penalty was reduced from 60 days of confinement to the special housing unit and loss of privileges to 30 days. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination, asserting that references to the tier III disciplinary rule violation were never removed from his

institutional record and that this resulted in an increase in his security status from medium to maximum. Following joinder of issue, Supreme Court granted the petition to the extent of directing that all references to the tier III designation be expunged from petitioner's institutional record. The court, however, declined to order that petitioner be restored to the security status he enjoyed prior to the disciplinary hearing. Petitioner now appeals.

It is well established that inmates have no constitutional or statutory rights to their prior housing or programming status (*see Matter of Jackson v Coughlin*, 199 AD2d 704 [1993]; *Matter of Howard v Miller*, 193 AD2d 988, 989 [1993]). In view of this, petitioner is not entitled to be restored to the security classification he held prior to the disciplinary hearing. The only other relief specified in his petition, namely, expungement of the tier III references from his institutional record, was granted by Supreme Court.

Cardona, P.J., Mercure, Spain, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.