Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing an altered item and possessing contraband after a search of his cell uncovered two cassette tape players altered to be able to record and 11 homemade cassette tapes. Following a tier III disciplinary hearing, at which petitioner pleaded guilty to possessing an altered item, he was found guilty of both charges and that determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding.
We have been informed that the determination was administratively modified by dismissing the charge of possessing contraband because “the misbehavior report fail[ed] to support the charge.”* Although respondent asserts that all references to that charge have been expunged from petitioner’s institutional record, petitioner disagrees inasmuch as his institutional *1462 record still reflects the classification of the misbehavior as a tier III designation despite the fact that the only charge that remains — possessing an altered item — can only constitute, at the most, a tier II classification (see 7 NYCRR 270.2 [B] [14] [ii]).
There was no error in designating the hearing as a tier III classification level given the charge of possessing contraband (see 7 NYCRR 270.2 [B] [14] [xiii]). Nevertheless, once that charge was dismissed, there was no basis for the continued reference of the misbehavior as a tier III violation as is reflected in petitioner’s institutional record. “It is beyond argument that allowing references to charges that have been dismissed and other mischievously equivocal information that might be unfairly construed to remain in prisoners’ records leaves inmates in jeopardy of having these references unfairly used against them” (Matter of Davidson v Coughlin, 154 AD2d 806, 806-807 [1989] [citation omitted]). To permit the tier III classification level to remain on petitioner’s institutional record would be misleading and prejudicial to petitioner’s status (see generally Matter of Grant v Fischer, 63 AD3d 1398, 1398-1399 [2009]; Matter of Garrett v Coughlin, 128 AD2d 210, 212 [1987]). As the possessing contraband charge has been expunged, it “mandates that all reference to the underlying charges be eradicated from an inmate’s record,” which included the reference to the tier III designation (Matter of Howard v Coughlin, 212 AD2d 852, 853 [1995]). To the extent that petitioner challenges the penalty imposed, any challenge thereto is moot as the duration of the penalty has expired.
Lynch, J.R, Rose, Devine, Mulvey and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition granted to the extent that respondent is directed to expunge from petitioner’s institutional record all references to the tier III designation in connection with the January 22, 2016 determination of guilt.

 Petitioner is not challenging the determination of guilt as to the other charge.