Matter of Barnes v Rodriguez (2018 NY Slip Op 05541)





Matter of Barnes v Rodriguez


2018 NY Slip Op 05541


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of JESSIE J. BARNES, 
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ.


Jessie J. Barnes, Malone, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Main Jr., J.), entered December 6, 2016 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
As the result of an incident that occurred on March 26, 2016, petitioner was charged in a misbehavior report with various disciplinary rule violations. He was found guilty of the charges following a tier III disciplinary hearing that concluded on April 26, 2016, and the determination was later affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.
During the pendency of the proceeding, the Department of Corrections and Community Supervision (hereinafter DOCCS) administratively reversed the disciplinary determination and directed that all references to the matter be expunged from petitioner's institutional record. In view of this, respondent moved to dismiss the petition as moot. Supreme Court granted the motion and dismissed the petition. Petitioner now appeals.
We affirm. The memorandum directing administrative reversal and expungement specifically referenced the March 26, 2016 incident, as well as the April 26, 2016 hearing, and provided that "records containing references to the above-noted Superintendent's hearing are to be expunged."[FN1] The memorandum did not set forth any exemptions and encompassed [*2]expungement of the misbehavior report and other related documents, including the unusual incident report and the use of force report (compare Matter of Davidson v Coughlin, 154 AD2d 806, 806-807 [1989]). Notably, respondent submitted proof that petitioner's disciplinary history no longer reflects either the incident or the hearing. In view of this, we find that petitioner has received all of the relief to which he is entitled, and Supreme Court properly dismissed the petition as moot (see Matter of Torres v Polizzi, 161 AD3d 1433, 1433 [2018]; Matter of Houghtaling v Venettozzi, 160 AD3d 1309, 1309 [2018]). Petitioner has not cited to any persuasive legal authority warranting a different conclusion. However, inasmuch as the record reflects that petitioner paid the reduced filing fee of $15 and he requested reimbursement thereof, we grant petitioner's request for that amount (see Matter of Walker v Annucci, 160 AD3d 1325, 1326 [2018]; Matter of Thioubo v Annucci, 160 AD3d 1327, 1328 [2018]).
Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs, but with disbursements in the amount of $15.



Footnotes

Footnote 1: The memorandum properly provided that any tapes of the hearing should be "retain[ed] on file and mark[ed] as expunged" (see Matter of Wong v Coughlin, 150 AD2d 832, 833 [1989]).