Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 00482)

Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 00482

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0636
[*1]In the Matter of New York State Correctional Officers and Police Benevolent Association, Inc., Respondent,
v
New York State Department of Corrections and Community Supervision, Appellant.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for appellant.
Lippes Mathias LLP, Albany (Alexander H. Wynkoop of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Kevin R. Bryant, J.), entered March 6, 2023 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent denying petitioner's Freedom of Information Law requests.
Between June 2022 and August 2022, petitioner filed several Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) requests with respondent seeking records associated with two disciplinary hearings involving different incarcerated individuals and separate incidents. Specifically, the first FOIL request sought the audio recording of an incarcerated individual's tier III disciplinary hearing. The second FOIL request sought the audio recording of the correction officer's testimony from the same disciplinary hearing. Petitioner's third FOIL request sought the audio recording for a different incarcerated individual's tier III disciplinary hearing and the underlying misbehavior report. Notably, the charges against each incarcerated individual were ultimately found to be not substantiated and, resultantly, the corresponding misbehavior reports and disciplinary hearings were expunged from their institutional records. Respondent's record access officer denied each request, and each administrative appeal was denied on the basis that the requested materials were exempt pursuant to Public Officers Law § 87 (2) (b) because disclosure of such documents would constitute an unwarranted invasion of personal privacy. Petitioner commenced this CPLR article 78 proceeding seeking a judgment directing respondent to produce the records responsive to its FOIL requests, which was opposed by respondent. Supreme Court granted the petition, directing respondent to redact and disclose the responsive documents.[FN1] Respondent appeals.
"It is well settled that FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying unless one of the statutory exemptions applies, permitting the agency to withhold the records" (Matter of Getting the Word Out, Inc. v New York State Olympic Regional Dev. Auth., 214 AD3d 1158, 1159 [3d Dept 2023] [internal quotation marks and citations omitted]). Such exemptions under Public Officers Law § 87 (2) are "interpreted narrowly in order to effect the purpose of the statutory scheme" (Matter of Cohen v Alois, 201 AD3d 1104, 1105 [3d Dept 2022] [internal quotation marks and citation omitted]), and, therefore, "the burden rests on the agency seeking to prevent disclos[ure] to demonstrate that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access" (Matter of Tatko v Village of Granville, 207 AD3d 975, 977 [3d Dept 2022] [internal quotation marks and citation omitted]; Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [3d Dept 2017]). As relevant here, records may be withheld by an agency "if disclos[*2][ure] would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]; see Public Officers Law § 89 [2] [a]). This includes circumstances "where the requested records, when combined with other readily available information, could identify or lead to the identification of information protected under a FOIL exemption" (Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 136 [3d Dept 2021] [internal quotation marks, ellipsis and citation omitted], lv denied 37 NY3d 907 [2021]; see Matter of Di Rose v New York State Dept. of Correctional Servs., 226 AD2d 846, 847 [3d Dept 1996]). Nevertheless, "Public Officers Law § 89 (2) (a) expressly permits an agency to delete identifying details from records that it makes available to the public in order to prevent unwarranted invasions of personal privacy" (Matter of McFadden v Fonda, 148 AD3d at 1433-1434 [internal quotation marks and citation omitted]; see also Public Officers Law § 89 [2] [c]).
Where, like here, an agency does not rely on one of the specific categories enumerated under Public Officers Law § 87 (2) (b), "we evaluate whether disclosure would constitute an unwarranted invasion of personal privacy by balancing the privacy interests at stake against the public interest in disclosure of the information" (Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1170 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d at 135). Indeed, this Court has recognized that certain information related to an incarcerated individual is subject to disclosure, such as arrest and conviction records, whereas other information such as dietary restrictions and next of kin should be redacted before disclosure (see Matter of Dobranski v Houper, 154 AD2d 736, 738 [3d Dept 1989]). For certain other records, such as grievances, we have found that incarcerated individuals have a reasonable expectation that such grievance would be kept private — particularly where redactions were insufficient to prevent identification of the individual or grievance (see Matter of Di Rose v New York State Dept. of Correctional Servs., 226 AD2d at 847).
Although this Court has not previously ruled on whether records expunged from an incarcerated individual's institutional file [FN2] — such as misbehavior reports and records of disciplinary hearings — are subject to disclosure under FOIL, we have recognized that "[i]t is beyond argument that allowing references to charges that have been dismissed and other mischievously equivocal information that might be unfairly construed to remain in [institutional files] leaves [incarcerated individuals] in jeopardy of having these references unfairly used against them" (Matter of Davidson v Coughlin, 154 AD2d 806, 806 [3d Dept 1989], citing Matter of Garrett v Coughlin, 128 AD2d 210, 212 [3d Dept 1987]). This includes references to a tier III designation or charges [*3]that were expunged, which could be "misleading and prejudicial to" an incarcerated individual's status (Matter of Dagnone v Annucci, 149 AD3d 1461, 1462 [3d Dept 2017]). Such principle has been expanded in other contexts where unsubstantiated claims "could also be detrimental to the reputations or livelihoods" of certain individuals (see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 532 [1st Dept 2015], lv denied 26 NY3d 919 [2016]).
Based on this foundation, we believe that incarcerated individuals do have a reasonable expectation that misbehavior reports and disciplinary hearing records — which were determined to be unsubstantiated and expunged from such individual's institutional file — would be kept private. This further aligns with DOCCS's rules governing the general records and data of incarcerated individuals, which "shall only be released in the discretion of the commissioner or his [or her] designee for a proper purpose, giving consideration to the privacy of" the incarcerated individual (7 NYCRR 5.25; see Public Officers Law § 87 [2]).[FN3] Given that such disclosure could be unfairly used against either individual, such disclosure would constitute an unwarranted invasion of personal privacy because it "would be offensive and objectionable to a reasonable [person] of ordinary sensibilities" (Matter of Dobranski v Houper, 154 AD2d at 737; see Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d at 137; Matter of Davidson v Coughlin, 154 AD3d at 806). Nevertheless, we agree with Supreme Court that respondent failed to make a sufficient showing as to whether the requested audio tapes and misbehavior report could not be redacted pursuant to Public Officers Law § 89 (2) (a) in such a manner as to protect the personal privacy of each incarcerated individual (see Matter of McFadden v Fonda, 148 AD3d at 1433-1434). Accordingly, Supreme Court correctly ordered disclosure of each FOIL request, subject to such redaction by respondent. We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Respondent submitted the responsive audio recordings and underlying misbehavior report to Supreme Court and this Court in camera.

Footnote 2: Respondent's counsel confirmed during oral argument that such records are expunged and removed from an incarcerated individual's institutional file, however, such records may still be kept for other agency purposes such as litigation.

Footnote 3: Petitioner's counsel confirmed during oral argument that its members — who authored the misbehavior report and/or participated in the disciplinary hearings — provided such information to petitioner; we expressed concern inasmuch as the record fails to provide permission for such release of information (see 7 NYCRR 5.10; 5.25; 251-1.1).