■ In the Matter of FRANKIE CANCEL, Respondent, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Appellant. [717 NYS2d 610] —In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Correctional Services Inmate Grievance Program Central Office Review Committee dated July 29, 1998, which denied the petitioner's religious discrimination grievance, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated July 6, 1999, which granted the petition, annulled the determination, and directed the respondent to permit the petitioner, *inter alia*, to practice his faith.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the second and third decretal paragraphs thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the appellant to conduct appropriate proceedings to determine the manner in which to permit the petitioner and his fellow Shi'a Muslims to practice their faith, apart from Sunni Muslim prisoners, consistent with all pertinent regulations governing the proper and safe administration of a correctional facility.

The petitioner is a prisoner in the Fishkill Correctional Facility of the Department of Correctional Services (hereinafter the DOCS), and an adherent of the Shi'a sect of Islam. He filed a grievance with prison officials charging that his right to religious freedom was violated by certain practices within the facility. The petitioner alleged that the only Islamic services provided within the facility were those of the Sunni sect. He averred that the Sunni services, which were administered by a Sunni chaplain, were inconsistent with, and even antagonistic to, his Shi'a faith. He alleged that the Sunni chaplain did not permit study of, or recognize differences between, sects of Islam. Rather, the petitioner charged that Sunnis had gained control of the practice of Islam within the facility, and as a

result, the Sunni chaplain routinely included proselytizations in the services denigrating Shi'a believers as "infidels," "hypocrites," "satanic worshippers," and "rejectors" to shame them into converting to the Sunni sect. The petitioner requested, *inter alia*, that DOCS officials permit Shi'a adherents to hold separate services, free from Sunni influences, and, in accordance with DOCS Directive No. 4202 "Religious Programs and Practices," to permit Shi'a clergy and/or registered volunteers to enter the prison to lead Shi'a services and religious discussion groups.

The DOCS denied the grievance on the sole basis that it was "advised by the Department's Inman that all Muslim religious groups fall under Islam, with the exception of [followers of the Nation of Islam]. All practice the same faith and should not be separated, as the grievant suggests." The Supreme Court found this explanation to be insufficient. We agree. (The DOCS uses the term "Inman" to describe the Muslim religious authority in charge of Muslim ecclesiastical matters within its facilities. The petitioner's submissions use the term "Inman" or "Imam." According to Webster's Third New International Dictionary, Muslim scholars are among those religious authorities within the definition of "Imam.")

Pursuant to Correction Law § 610 (1), all State prisoners have the right to the free exercise of religion without discrimination or preference while they are incarcerated. Correction Law § 610 (3) further mandates that prison regulations "shall recognize the right of the inmates to the free exercise of their religious belief, and to worship God according to the dictates of their consciences." While a correctional institution need not "employ clergy from every sect or creed found within its walls * * * the failure to provide or allow reasonably sufficient alternative methods of worship would, in the absence of a compelling state interest, run afoul of the [Federal Religious Freedom Restoration Act of 1993]" (*Werner v McCotter*, 49 F3d 1476, 1480, *cert denied sub nom. Thomas v McCotter*, 515 US 1166). Such failure likewise would violate the express mandate of Correction Law § 610.

Here, the petitioner's grievance, that adherents of the Shi'a sect are subject to religious discrimination by Sunni chaplains within his facility, was denied based on the opinion of one of the very individuals whom the petitioner alleges is guilty of religious discrimination. The DOCS submitted no evidence refuting the petitioner's claims that the DOCS Inman was a member of the allegedly antagonistic Sunni Muslims. Thus, the potentially biased opinion of the DOCS Inman, which was

not contained in a sworn or affirmed submission but only in the determination under review, does not provide a rational basis for the denial of the grievance. Furthermore, it is readily apparent that the petitioner's spiritual needs have not been met. In light of the overwhelming evidence in the record that significant dogmatic differences separate the two Muslim communities within the petitioner's facility, we agree that the denial of the grievance was arbitrary and capricious and in violation of Correction Law § 610 (*see,* Strong, *Law and Religion in Israel and Iran: How the Integration of Secular and Spiritual Laws Affects Human Rights and the Potential For Violence,* 19 Mich J Intl Law 109; *cf., Matiyn v Commissioner Dept. of Corrections,* 726 F Supp 42 [where a lone Sunni inmate unsuccessfully sought to create a separate Sunni religious community at Attica]; *Matter of Thomas v Lord,* 174 Misc 2d 461 [prison rabbi did not arbitrarily decide that prisoner was not Jewish, but did arbitrarily restrict her participation in services]).

However, religious freedom within a prison cannot be unfettered (*see, Jackson v Coughlin,* 204 AD2d 939; *Overton v Coughlin,* 133 AD2d 744; *Matter of Abdullah v Coughlin,* 131 AD2d 471; *Smith v Coughlin,* 577 F Supp 1055, *affd* 748 F2d 783). Inmate rights to religious freedom must be balanced against security considerations and the State's legitimate correctional goals (*see, Muhammad v New York City Dept. of Corrections,* 904 F Supp 161; *Matiyn v Commissioner Dept. of Corrections, supra; see also, Matter of Lucas v Scully,* 71 NY2d 399). Accordingly, we modify the judgment to the extent of deleting the second and third decretal paragraphs thereof, which directed the manner in which the appellant was to permit the petitioner and his fellow adherents of the Shi'a sect of Islam to practice their faith, and remit the matter to the DOCS to conduct administrative proceedings, with Shi'a participation, to determine the manner in which to best afford Shi'a inmates separate religious services, under appropriate Shi'a religious leadership, in a time and place that comport with legitimate penalogical concerns. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.