*230 OPINION OF THE COURT*
George B. Ceresia, Jr., J.
The petitioner, an inmate at Great Meadow Correctional Facility, has commenced the instant CPLR article 78 proceeding to challenge the accuracy and completeness of his inmate record as maintained by the respondent. Specifically, petitioner seeks to expunge all references to an incident which occurred on June 6, 1995 when, during a search of his cell, a sharpened nail clipper was allegedly found in the electric plate cover. As a consequence of the alleged discovery, a misbehavior report was issued and an inmate disciplinary proceeding commenced. Petitioner was found guilty of possession of a weapon. After an unsuccessful administrative appeal he brought a CPLR article 78 proceeding to review the determination. During the pendency of the proceeding the Attorney General reported that the determination had been administratively reversed and expungement had been directed (see Matter of Proctor v Coombe, 233 AD2d 648 [3d Dept 1996]). Petitioner alleges that prior to December 8, 2003 he had been placed in the special housing unit (SHU). According to petitioner, on December 8, 2003 he was scheduled to be released from SHU into the general population. He alleges that on December 9, 2003 he was served with an administrative segregation recommendation that mentioned the June 6, 1995 incident — the one which supposedly had been expunged from his prison record. Petitioner subsequently brought an administrative proceeding pursuant to 7 NYCRR 5.51 to expunge the references in his prison record to the June 6, 1995 incident. The Superintendent of Great Meadow Correctional Facility issued a determination on December 8, 2004 denying petitioner’s request. Petitioner subsequently filed an administrative appeal to the Office of the Inspector General. The Inspector General allegedly failed to render a decision within 30 days (see 7 NYCRR 5.52).
Donald Selsky, Director of Special Housing/Inmate Disciplinary Programs of the New York State Department of Correctional Services, indicates in an affidavit in opposition that all references to the incident have been expunged from petitioner’s disciplinary history. He indicates, however, that separate and *231 apart from the inmate misbehavior report which was issued in the instant matter (and which is now expunged), an unusual incident report was issued. As explained by Colonel Mark Vann of the Department of Correctional Services, an unusual incident is defined in Department of Corrections Directive 4004 (II) (A) as “a serious occurrence that (1) may impact upon or disrupt facility operations, or (2) that has the potential for affecting the Department’s public image, or (3) that might arouse widespread public interest.” Colonel Vann indicates that an unusual incident report is not used to charge an inmate with violating prison rules; and that a significant amount of unusual incident reports are not associated with inmate misbehavior. He indicates that contraband (such as a weapon) is one of the categories requiring the issuance of an unusual incident report. Colonel Vann also states that an unusual incident report is not automatically expunged when a disciplinary proceeding is administratively reversed and expunged. He indicates that while it may not be possible in such a circumstance to maintain a record of the alleged inmate misbehavior, it is necessary to maintain documentation that the incident did, in fact, occur. Colonel Vann goes on to state that he has caused the unusual incident report in question to be modified to reflect that petitioner’s role in the incident was that of a “bystander” instead of a perpetrator.
The case of Matter of Davidson v Coughlin (154 AD2d 806 [3d Dept 1989]) involved an inmate disciplinary proceeding in which Supreme Court reversed and annulled a determination finding that the inmate had attempted to escape. The respondents objected to language in the proposed judgment which directed that all references to the underlying charges and the alleged misconduct on which they were based be expunged. It was argued that the proposed language went far beyond the scope of a routine expungement order. Supreme Court signed the proposed order. The Appellate Division affirmed, stating the following:
“We find nothing improper in the language employed in Supreme Court’s judgment. Despite respondents’ contentions otherwise, ‘[an] order of expungement mandates that all references to the underlying charges be removed from the inmate’s record’ (Matter of Wong v Coughlin, 150 AD2d 832, 833; see also, Matter of Liner v Miles, 133 AD2d 962; Matter of Inman v Coughlin, 131 AD2d 900, *232 901). Accordingly, there is no merit to respondents’ contention that only references to the disciplinary hearing should be expunged from petitioner’s file. It is beyond argument that allowing references to charges that have been dismissed and other mischievously equivocal information that might be unfairly construed to remain in prisoners’ records leaves inmates in jeopardy of having these references unfairly used against them (Matter of Garrett v Coughlin, 128 AD2d 210).” (Matter of Davidson v Coughlin, supra at 806-807 [emphasis supplied].)
In Matter of Blanche v Travis (306 AD2d 888, 888 [4th Dept 2003]), the Appellate Division found that it was improper for the Parole Board to consider the findings of guilt on two inmate disciplinary charges “or the conduct underlying such charges,” where the charges had been reversed and expunged.
In Matter of Salahuddin v Mitchell (232 AD2d 903 [3d Dept 1996]), as relevant here, the inmate petitioner’s record included a reference to an unusual incident based upon assault on a staff member while the inmate was incarcerated. All charges with respect to the assault had been dismissed. The inmate brought a proceeding pursuant to CPLR article 78 to expunge all references to the assault. Supreme- Court’s order granting respondent’s motion to dismiss was appealed. Because, during the pendency of the appeal, the Department of Correctional Services expunged all references to the unusual incident involving the assault, the Appellate Division found the appeal to be moot. The court points this out as at least some precedent for ex-pungement of references to an unusual incident in an inmate’s record.
The court observes that a review of the unusual incident report in question reveals that it contains the heading “Proposed Disciplinary Action,” under which is the notation “misbehavior report was written.” Even with the added notation “Bystnd” (apparently “bystander”), that appears further down in the report, it is evident that a disciplinary action arose out of the incident. This reference clearly should have been expunged from the petitioner’s record. In the court’s view, the reference in petitioner’s record to the sharpened nail clipper found in his cell (which is also described as “contraband” and “weapon, cutting instrument”) is the kind of “mischievously equivocal information that might be unfairly construed” (Matter of Davidson v Coughlin, supra at 806).
While the court discerns no harm in the use of the unusual incident report in question for other Correctional Services Department *233 purposes, the court finds that it was arbitrary and capricious and an abuse of discretion not to expunge the unusual incident report, and all references to the subject incident, from petitioner’s inmate record (see Matter of Garrett v Coughlin, 128 AD2d 210, supra; Matter of Davidson v Coughlin, supra). The court concludes that the relief requested in the petition must be granted.
Accordingly, it is ordered and adjudged that the relief requested in the petition be and hereby is granted; and it is further ordered and adjudged that the report with respect to an unusual incident involving the petitioner which occurred on June 6, 1995 involving the discovery of a sharpened nail clipper in his cell, and all references thereto, be and hereby are expunged from petitioner’s inmate record.
This shall constitute the amended decision, order and judgment of the court.

 The decision/order has been amended to correct the caption to identify respondent Goord as the Commissioner of the New York State Department of Correctional Services; to correct a typographical error in the index number; to correctly identify Donald Selsky as Director of Special Housing/Inmate Disciplinary Programs of the New York State Department of Correctional Services; and to more clearly indicate that the decision/order is also a judgment.