In the Matter of RICHARD MULLEN, Petitioner, v SUPERINTENDENT OF SOUTHPORT CORRECTIONAL FACILITY, Respondent. [815 NYS2d 778]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Based on an investigation into possible drug use, petitioner was asked to submit a urine sample. After the urine sample twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance. Following a disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

The misbehavior report, positive test results and other supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Suggs v Miller*, 22 AD3d 910, 910 [2005]; *Matter of Cooper v Selsky*, 9 AD3d 763, 764 [2004]). We reject petitioner's contention that he was denied relevant documentary evidence in the form of a report relating to the investigation prompting the request for urinalysis, because the record establishes that such report did not exist (*see Matter of Odome v Goord*, 8 AD3d 921, 922 [2004]). In any

event, such information was irrelevant inasmuch as the misbehavior report and determination of guilt resulted from the two positive drug test results and not from any information obtained from the investigation leading to the request for petitioner's urine sample (*see Matter of Hemphill v Selsky*, 26 AD3d 548, 549 [2006]; *Matter of Folk v Goord*, 307 AD2d 500, 501 [2003]). Likewise, petitioner's claim that he was denied effective employee assistance—premised as it is on the assistant's failure to obtain the same irrelevant documentation—is without merit. Petitioner's remaining challenge to the testing procedures is being raised now for the first time and, therefore, is not preserved for our review (*see Matter of Binns v Goord*, 12 AD3d 1006, 1007 [2004]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.