■ In the Matter of DAVID CLARK, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [870 NYS2d 175]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered May 20, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate incarcerated at Great Meadow Correctional Facility in Washington County, commenced this proceeding pursuant to CPLR article 78 to challenge a determination of the Central Office Review Committee (hereinafter CORC) denying his grievance requesting an exemption from certain package restrictions imposed by Department of Correctional Services Directive No. 4921. Supreme Court dismissed the petition, prompting this appeal.

We affirm. In order to prevail, petitioner must demonstrate that CORC's determination was either irrational or arbitrary and capricious (*see Matter of Winkler v New York State Dept. of Correctional Servs.*, 34 AD3d 993, 994 [2006]; *Matter of Tucker v Nuttall*, 31 AD3d 1078 [2006]), which petitioner failed to do. The challenged directive limits inmates who, like petitioner, are incarcerated in a designated "TV Facility" to two packages per calendar year from family, friends or other personal sources, and to "items ordered directly by the inmate from approved vendors" (Dept of Correctional Servs Directive No. 4921 § III-B-2). Petitioner sought an exemption from this directive—specifically, permission for his family to order and pay for packages shipped to him from approved vendors—contending that various encumbrances placed upon his inmate account precluded him from placing such orders directly. CORC denied petitioner's

request, finding that viable avenues of relief existed short of revising or exempting petitioner from the cited directive. Based upon our review of the record, we cannot say that CORC's determination in this regard was irrational. Petitioner's remaining contentions, including his breach of contract and equal protection claims, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.