In the Matter of TYRONE PACE, Appellant, v BRIAN S. FISCHER, Respondent. [876 NYS2d 456]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York State Department of Correctional Services dated March 7, 2007, which affirmed a decision of the Superintendent of Green Haven Correctional Facility dated February 7, 2007, affirming a decision of the Inmate Grievance Response Committee dated February 2, 2007, which, in effect, denied, without a hearing, the petitioner's application to delete from his sentence a five-year period of postrelease supervision which had been administratively added by the New York State Department of Correctional Services, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated September 19, 2007, which dismissed the petition as premature.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated and granted, the determination dated March 7, 2007, is annulled, the administrative decisions dated February 7, 2007, and February 2, 2007, respectively, are vacated, and the petitioner's application is granted.

The petitioner, an inmate at Green Haven Correctional Facility, was convicted in 2000 of rape in the first degree, and was sentenced to a determinate term of imprisonment of 15 years. The sentencing judge did not impose a period of postrelease supervision (hereinafter PRS), and no such period was mentioned in the order of commitment. Sometime after the petitioner began serving his sentence, the New York State Department of Correctional Services (hereinafter the DOCS) administratively added a five-year period of PRS to his sentence. The petitioner filed a grievance with prison officials, challenging the addition, by the DOCS, of the PRS period to his sentence. The grievance was, in effect, denied, and that result was affirmed by the Superintendent of the correctional facility and then by the Central Office Review Committee of the DOCS.

The petitioner then commenced this proceeding pursuant to CPLR article 78, seeking to annul the determination of the DOCS. The Supreme Court dismissed the petition as premature. The petitioner appeals and we reverse.

Contrary to the Supreme Court's conclusion, the fact that approximately eight years remained to be served on the petitioner's prison term before he would begin serving any period of PRS did not render this CPLR article 78 proceeding premature. The DOCS did not object to or oppose either the petitioner's invocation of its grievance procedure to challenge its alteration of his sentence or the petitioner's filing of the grievance prior to the end of his prison term. Having pursued and exhausted his administrative remedies, and having obtained a final determi-

nation from the agency, the petitioner was entitled to promptly challenge that determination in a CPLR article 78 proceeding (*see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-195 [2007]). Accordingly, the Supreme Court should have reached the merits of the petition, and we do so now.

Sentences are imposed by courts, not by administrative agencies (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). Contrary to the argument made by the DOCS in its pleading in this case, PRS "is not automatically included in the pronouncement of a determinate sentence, and thus a defendant has a statutory right to have that punishment imposed by the sentencing judge" (*id.* at 363). In adding a period of PRS to the petitioner's sentence, the DOCS usurped the function of the sentencing judge, and acted "beyond [its] limited jurisdiction over inmates and correctional institutions" (*id.* at 362).

Thus, the administrative determination of the DOCS that it properly added the period of PRS to the petitioner's sentence was "affected by an error of law" (CPLR 7803 [3]). The Supreme Court, therefore, should have granted the petition, annulled the final determination of the DOCS dated March 7, 2007, vacated the administrative decisions dated February 7, 2007, and February 2, 2007, respectively, and granted the petitioner's application to delete from his sentence the five-year period of PRS administratively added by the DOCS. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.