■ In the Matter of THOMAS KING, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [879 NYS2d 635]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered September 2, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Cor-

rectional Services calculating the length of petitioner's term of imprisonment.

In January 1985, petitioner was sentenced to two terms of 10 years to life, to run concurrently, for his convictions of two counts of robbery in the first degree. In April 1997, upon his convictions of robbery in the first degree and attempted robbery in the first degree, he was sentenced as a persistent violent felony offender to, among other terms, two terms of 25 years to life, to run consecutively. The sentencing court in 1997 was silent as to whether the new sentences should run consecutively or concurrently to his previously imposed sentences. The Department of Correctional Services, relying upon Penal Law § 70.25 (2-a), calculated petitioner's 1997 sentences as running consecutively to those of his 1985 sentences. Petitioner commenced this proceeding challenging that computation. Supreme Court dismissed petitioner's application, prompting this appeal.

As the Court of Appeals recently pronounced in *People ex rel. Gill v Greene* (12 NY3d 1 [2009]), the language of Penal Law § 70.25 (2-a) should be read to mean that "any sentence imposed by the court shall run consecutively to the undischarged sentence, whether the sentencing court says so or not" (*id.* at 6). As such, the 1997 sentencing court committed no error and the Department of Correctional Services properly calculated petitioner's 1997 sentences to run consecutively to his undischarged 1985 sentences (*id.* at 7).

Mercure, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.