■ In the Matter of EDWARD KOEHL, Appellant, v DARWIN LACLAIR, as Superintendent of Great Meadow Correctional Facility, Respondent. [888 NYS2d 672]—Appeal from a judgment of the Supreme Court (Pritzker, J.), rendered February 14, 2008 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with multiple charges stemming from a search of his cell which revealed, among other things, an altered AM/FM cassette player, a hot pot belonging to another inmate, an altered extension cord, strips of state material which were destroyed or altered, an unauthorized glue stick, a metal object found inside a pen, an unauthorized tape dispenser, unauthorized state towels that were destroyed or altered, and an unauthorized piece of wood. Following a tier II disciplinary hearing, during which petitioner pleaded guilty to unauthorized exchange, possession of contraband and damaging state property, he was also found guilty of the additional charges of possession of both an altered item and excess altered clothes. The determination was upheld upon administrative appeal and petitioner, thereafter, commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. As a threshold matter, we find that none of petitioner's procedural claims is preserved for our review inasmuch as he failed to raise any objections during the hearing (*see Matter of Smith v Fischer*, 64 AD3d 1061 [2009]; *Matter of Moore v Fischer*, 63 AD3d 1401 [2009]). Additionally, we have examined the record and find no evidence that the Hearing Officer was biased or that the determination flowed from any bias (*see Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]; *Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]).

Peters, J.P., Lahtinen, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.