■ In the Matter of CARLOS RIVERA, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [888 NYS2d 307]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered October 9, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of the Central Office Review Committee denying his grievances.

While a prisoner at Marcy Correctional Facility in Oneida County, petitioner was a participant in the Alcohol and

Substance Abuse Treatment (hereinafter ASAT) program. After receiving three behavior contracts in July 2007, petitioner went before the ASAT Plan Review Committee and was placed on probation. In August 2007, petitioner received two more behavior contracts and, as a consequence, was removed from the program. After removal, petitioner filed multiple grievances, which were ultimately denied by the Central Office Review Committee. Petitioner thereafter commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner appeals and we now affirm.

Our scope of review here is limited to whether the denial of petitioner's grievances was irrational, arbitrary and capricious or affected by an error of law (see Matter of Wooley v New York State Dept. of Correctional Servs., 61 AD3d 1189, 1190 [2009]; Matter of Clark v Fischer, 58 AD3d 932, 932 [2009]). Petitioner first contends that he was removed from the ASAT program in retaliation for having filed grievances against program staff. However, the record clearly demonstrates that petitioner was removed from the program for his continuing failure to comply with its standards, even after he was placed on probation. Likewise, petitioner's contention that he was improperly placed at the bottom of the waiting list to reenter the ASAT program is without merit, inasmuch as the program guidelines mandate that when an inmate has received two or more unsatisfactory discharges, as has petitioner, application for readmission can be made after 90 days and the inmate's name is to be placed at the bottom of the list. Finally, with regard to petitioner's challenge to the determination regarding his grievance that he was harassed by facility staff, said challenge is moot since he has since been transferred from the facility where the grievance arose (see Matter of Bermudez v Fischer, 55 AD3d 1099, 1100 [2008], lv denied 11 NY3d 714 [2009]; Matter of Lou v Brown, 38 AD3d 1138, 1138-1139 [2007]).

Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, J.P., Spain, Kane, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.