■ In the Matter of MIGUEL CABAN, Appellant, v BRIAN S. FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 877]—

In 2007, petitioner was sentenced, as a second felony drug offender whose prior felony conviction was for a violent felony, to a term of imprisonment of eight years to be followed by three years of postrelease supervision. Neither the sentence and commitment order nor the sentencing minutes made any mention of how this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of a judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]). Here, the record confirms that petitioner was sentenced in 2007 as a second felony drug offender previously convicted of a violent felony offense and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Accordingly, we discern no error in the computation of petitioner's sentence (*see Matter of King v Fischer*, 62 AD3d 1221, 1222 [2009], *lv denied* 13 NY3d 703 [2009]).

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.