■ In the Matter of ROBERT McKINNON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [891 NYS2d 675]—

---

Petitioner was convicted in 1994 of the crime of robbery in the third degree and was sentenced to 2 to 4 years in prison. In 1996, he was convicted of robbery in the second degree and was sentenced to seven years in prison. In 2003, petitioner was convicted of yet another crime, that being attempted robbery in the second degree, and was sentenced to 12 years to life in prison. Notably, the sentencing court did not indicate the manner in which the 2003 sentence was to run vis-à-vis the undischarged earlier terms of imprisonment. The Department of Correctional Services determined that the 2003 sentence ran consecutively to petitioner's prior undischarged terms of imprisonment. Petitioner then commenced this CPLR article 78 proceeding to challenge this determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Pursuant to Penal Law § 70.25 (2-a), where a person is sentenced as a persistent felony offender and is subject to an undischarged term of imprisonment for a prior crime, the new sentence shall run consecutively to the prior undischarged term of imprisonment (*see Matter of McBride v Fischer*, 65 AD3d 1438, 1439 [2009]). The Court of Appeals recently held in *People ex rel. Gill v Greene* (12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]) that this is the case even if the sentencing court has not expressly stated the manner in which the sentence is to run (*see Matter of King v Fischer*, 62 AD3d 1221, 1222 [2009], *lv denied* 13 NY3d 703 [2009]). In view of this, the Department properly determined that petitioner's 2003 sentence ran consecutively to his prior undischarged term of imprisonment. Nor do we find merit to petitioner's claim that this constitutes an improper retroactive application of *People ex rel. Gill v Greene* (*supra*).

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.