■ In the Matter of CARLOS RODRIGUEZ, Appellant, v DIRECTOR OF SPECIAL HOUSING AND INMATE DISCIPLINARY PROGRAMS, Respondent. [897 NYS2d 311]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 8, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) the denial of his request for reconsideration of a determination finding him guilty of violating a prison disciplinary rule, and (2) a determination of the Central Office Review Committee denying his grievance.

After stabbing another inmate to death while incarcerated in 1997, petitioner was convicted of murder in the second degree in 1999. Subsequently, following a tier III disciplinary hearing, petitioner was found guilty of committing an offense under the Penal Law and he received a penalty of nine years in the special housing unit, together with a recommended loss of good time allowance of three years. In 2006, the Second Department modified petitioner's conviction, reducing the crime for which he was convicted to manslaughter in the second degree (*People v Rodriguez*, 33 AD3d 730, 732 [2006], *lv denied* 9 NY3d 850 [2007]). Thereafter, in January 2008, petitioner requested reconsideration of his disciplinary determination, which was denied. Petitioner then filed a grievance in March 2008, requesting a de novo hearing in light of his modified conviction, primarily seeking an adjustment to the recommended loss of his good time allowance. Ultimately, the grievance was denied by the Central Office Review Committee, prompting petitioner to commence this CPLR article 78 proceeding in June 2008. Respondent moved to dismiss the petition and, in January 2009, Supreme Court dismissed, as untimely, that part of the petition that challenged the denial of petitioner's request for reconsideration. Ultimately, in June 2009, Supreme Court dismissed the remainder of the petition, prompting this appeal.

Initially, where petitioner received the denial of his request for reconsideration on January 22, 2008 but did not commence the instant proceeding until June 23, 2008, Supreme Court properly dismissed that part of his petition that challenged the denial as being outside the four-month statute of limitations (*see* CPLR 217 [1]; *Matter of Watson v Goord*, 39 AD3d 1044 [2007]; *Matter of Loper v Selsky*, 29 AD3d 1183, 1183 [2006]). Turning to the denial of petitioner's grievance, pursuant to Correction Law § 803, an inmate serving an indeterminate prison sentence may receive a time allowance against his or her term not to exceed one third of the maximum sentence. While the recommended loss of a good time allowance may be imposed as the result of a disciplinary infraction, such penalty is "subject

to restoration" by the Time Allowance Committee (7 NYCRR 254.7 [a] [1] [vii]). That committee meets to consider an inmate's file four months prior to his or her earliest possible date of consideration for release (see 7 NYCRR 261.3 [a]). As part of the process, an inmate who has had a recommended loss of good time allowance as the result of a disciplinary determination shall appear before the committee and the committee then decides upon any recommendations as to the amount of good time to be granted (see 7 NYCRR 261.3 [b]; *Matter of McPherson v Goord*, 17 AD3d 750, 750 [2005], *lv denied* 5 NY3d 709 [2005]). Inasmuch as the regulations already provide a mechanism by which petitioner will have the opportunity to appear before the committee to explain that his 1999 conviction was modified, and the committee may then consider that information before it makes any final recommendation as to the loss of his good time allowance, we find that the denial of petitioner's grievance was not arbitrary or capricious, or affected by an error of law (see *Matter of Rivera v Fischer*, 67 AD3d 1140 [2009]; *Matter of Patel v Fischer*, 67 AD3d 1193 [2009]).

Mercure, J.P., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.