■ In the Matter of Isaias Bermudez, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [897 NYS2d 302]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to (1) review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules, and (2) review three determinations of the Central Office Review Committee which denied petitioner's grievances.

After petitioner was involved in an altercation with correction officers while he was being pat frisked, he was served with a misbehavior report charging him with refusing a direct order, refusing to comply with frisk procedure and violent conduct. Subsequent to a tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner's administrative appeal was unsuccessful, and he thereafter commenced this CPLR article 78 proceeding to challenge that determination, as well as three determinations that denied grievances he filed.

Initially, the misbehavior report, together with the supporting documentation and testimony of one of the correction officers involved in the incident, provide substantial evidence to support the determination of guilt (*see Matter of Lozada v Cook*, 67 AD3d 1232 [2009]; *Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]). Petitioner's claim that he was denied the right to call a witness is unavailing inasmuch as the requested correction officer did not witness the events that gave rise to the misbehavior report (*see Matter of Joseph v Fischer*, 67 AD3d 1103, 1104 [2009]; *Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]). Finally, our examination of the record reveals that the determination flowed from the evidence presented at the

hearing and not, as petitioner contends, from any bias on the part of the Hearing Officer (*see Matter of Koehl v LaClair*, 67 AD3d 1134 [2009]; *Matter of Caldwell v Fischer*, 67 AD3d 1176 [2009]).

Petitioner also contests three determinations that denied grievances he filed pertaining to limited access to the law library, an assault upon him allegedly perpetrated by correction officers, and various claims pertaining to the computation of his sentence. We note that our review is limited to whether the determinations were irrational, arbitrary and capricious or affected by an error of law (*see Matter of Rivera v Fischer*, 67 AD3d 1140, 1141 [2009]; *Matter of Wooley v New York State Dept. of Correctional Servs.*, 61 AD3d 1189, 1190 [2009], *lv granted* 13 NY3d 705 [2009]). Initially, we find no reason to disturb the determination regarding petitioner's law library access, inasmuch as there is no evidence in the record that he was denied access, and an investigation determined no malfeasance on the part of facility staff. The denial of petitioner's grievance regarding an alleged assault by correction officers arising out of the same incident for which he was issued the misbehavior report at issue herein is also rational, particularly in light of the ensuing investigation and the determination of petitioner's guilt after the tier III disciplinary hearing.

Turning to petitioner's arguments regarding the calculation of his sentences, we find initially that the denial of petitioner's grievance regarding his contention that he should be credited with 888 days of jail-time credit to be rationally based. The record shows that 1,002 days of jail time, representing the period between December 7, 2000 and September 5, 2003, were credited to both sentences that petitioner received in 2003. Further, the Department of Correctional Services properly calculated his 2003 sentences as running consecutively to his 1995 sentence by operation of law (*see* Penal Law §§ 70.06, 70.25 [2-a]; *Matter of King v Fischer*, 62 AD3d 1221, 1222 [2009], *lv denied* 13 NY3d 703 [2009]).

Finally, we address petitioner's objection to the denial of his grievance insofar as it pertains to postrelease supervision. It is now clear that where, as here, the sentencing court failed to impose a period of postrelease supervision, the Department lacks jurisdiction to do so (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *People ex rel. Turner v Sears*, 63 AD3d 1404, 1405 [2009]). However, we are unable to find any evidence in this record that the Department administratively imposed a period of postrelease supervision. Furthermore, in denying petitioner's grievance, the

Department stated that it "was working with the various entities to identify and resentence" those inmates requiring resentencing under *Garner*. Thus, even if the Department had imposed a period of postrelease supervision, petitioner is no longer aggrieved as the Department appears to have deleted any postrelease supervision provision that was improperly imposed without jurisdiction until such time as petitioner is properly resentenced by a court of appropriate jurisdiction (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d at 363 n 4; *Matter of Pace v Fischer*, 60 AD3d 1070 [2009]).

We have examined petitioner's remaining contentions and find them to be without merit.

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.