■ In the Matter of DAVID W. LAGAS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [911 NYS2d 242]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered February 12, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's sentence.

In September 2006, petitioner was convicted of, among other crimes, burglary in the third degree, and sentenced as a second felony offender to an aggregate term of 2 to 4 years in prison. After his release in September 2007, petitioner was arrested and convicted of new crimes and, as relevant here, was sentenced in February 2009 as a second felony offender to an aggregate prison term of 9½ years followed by five years of postrelease supervision. County Court was silent as to how that term was to be served relative to petitioner's undischarged 2006

sentence. Respondent calculated petitioner's 2009 sentence as running consecutively to his 2006 sentence by operation of law, resulting in a tentative conditional release date of March 14, 2017 and a maximum expiration date of July 24, 2018.* Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's calculation. Supreme Court dismissed petitioner's application, and this appeal ensued.

We affirm. Pursuant to the decision in *People ex rel. Gill v Greene* (12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]), where a statute requires that a newly imposed sentence is to run consecutively to an undischarged sentence, the sentencing court is deemed to have complied with that statute, whether or not it states so specifically (*see People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]). Petitioner's sole contention on this appeal is that his 2009 sentence was imposed eight days before the Court of Appeals' decision in *Gill* and, therefore, the holding in that case should not be applied retroactively. To the contrary, the Court of Appeals' *Gill* decision merely clarified the meaning of the existing law, rather than announcing a substantive change, and therefore respondent's calculation did not constitute an improper retroactive application of new law (*see Matter of McKinnon v Fischer*, 69 AD3d 1083, 1084 [2010], *lv dismissed* 14 NY3d 935 [2010]; *People v McCrae*, 68 AD3d 1451, 1452 [2009]).

Cardona, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Thereafter, petitioner's 2009 sentence was affirmed by this Court (*People v Lagas*, 76 AD3d 384 [2010]).