Rose, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules, and (2) three determinations of the Central Office Review Committee which denied petitioner’s grievances.
Petitioner was charged in three misbehavior reports with misuse of state property, possession of an article in an unauthorized area, destruction of state property, possession of excess stamps, possession of contraband and smuggling, all stemming from three separate incidents. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges, and his subsequent administrative appeals were unsuccessful. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the three disciplinary determinations, as well as three determinations that denied various grievances filed by him.
*1248 Initially, the record establishes that the detailed misbehavior reports and testimony at the hearings substantially support the disciplinary determinations finding petitioner guilty of the charges (see Matter of Green v Bradt, 69 AD3d 1269, 1270 [2010], lv denied 14 NY3d 710 [2010]). Petitioner’s specific procedural challenges to each hearing, including that he was denied the right to call witnesses, he was improperly denied documentary evidence, and the hearing officer was biased, have been reviewed and are either unpreserved or without merit.
Turning to the determinations denying his grievances, we note that judicial “review is limited to whether the determinations were irrational, arbitrary and capricious or affected by an error of law” (Matter of Bermudez v Fischer, 71 AD3d 1361, 1362 [2010], lv denied 15 NY3d 702 [2010]). With regard to the first grievance, petitioner’s request to wear a religious head covering in accordance with the beliefs of the Nation of Islam was denied by a determination dated March 9, 2011. Upon our review, we find, and respondent agrees, that the determination is not supported by a rational basis and must be remitted. Specifically, the record demonstrates that the grievance was denied based upon the opinion of a Muslim chaplain, as opposed to consulting religious authority from the Nation of Islam (see generally Matter of Cancel v Goord, 278 AD2d 321 [2000], lv denied 96 NY2d 707 [2001]). We reach a different conclusion with regard to the denial of petitioner’s other two grievances. The record demonstrates that the denial of his requests to keep his personal hygiene items and multiple manilla envelopes upon his transfer to a special housing unit correctional facility were rationally based upon the enforcement of directives and facility procedures and, therefore, those determinations will not be disturbed (see Matter of Clark v Fischer, 58 AD3d 932 [2009]; Matter of Sultan v Goord, 8 AD3d 842, 843 [2004]).
Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination dated March 9, 2011 denying petitioner’s grievance is annulled, without costs, petition granted to that extent and matter remitted to the Central Office Review Committee for further proceedings not inconsistent with this Court’s decision.
Adjudged that the remaining determinations are confirmed, without costs, and petition dismissed to that extent.