# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1077**
**CA 15-01199**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF LEONIDES SIERRA,
PETITIONER-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
RESPONDENT-RESPONDENT.

---

LEONIDES SIERRA, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 4, 2015 in a proceeding pursuant to CPLR article 78.  The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, made after a tier III hearing, that he violated inmate rule 1.00 (7 NYCRR 270.2 [A]).  Petitioner was charged with the rule violation in a misbehavior report alleging that, while confined in a state correctional facility, he was convicted of violating the federal Racketeer Influenced and Corrupt Organizations Act ([RICO] 18 USC § 1961 *et seq*.), specifically, that he conducted an enterprise engaged in a pattern of racketeering activity that affected interstate commerce (*see* 18 USC § 1962 [c], [d]; *Salinas v United States*, 522 US 52, 62).  He appeals from a judgment dismissing the petition.  We affirm.

Prior to arriving at the correctional facility at issue, petitioner was convicted of the RICO offense, then remanded to the New York State Department of Corrections and Community Supervision to complete his state prison sentence.  After arriving at the correctional facility and being placed in administrative quarantine for one day, petitioner was charged with violating inmate rule 1.00 based upon his conviction of the above federal crime.  Petitioner initially contends that the hearing was not held within the time limits set forth in 7 NYCRR 251-5.1 (a).  Specifically, he contends that he was previously confined for several weeks before the

misbehavior report was written, and that such confinement was based on the same acts that resulted in the misbehavior report because he was administratively segregated during the federal prosecution. "The requirement that a hearing be commenced within seven days of 'the inmate's initial confinement' when he or she is 'confined pending a disciplinary hearing' (*see* 7 NYCRR 251-5.1 [a]) was not breached, for petitioner was placed in administrative segregation before the events upon which the misbehavior report was premised—namely, the entry of his guilty plea and the resulting conviction—occurred" (*Matter of Soto-Rodriguez v Goord*, 252 AD2d 782, 783; *see Matter of Davis v Goord*, 21 AD3d 606, 609).

Petitioner further contends that the hearing was untimely because a handwritten notation of uncertain provenance on his request for employee assistance establishes that he was confined for an additional day before the report was written. Even assuming, arguendo, that he is correct about the authorship of that notation and its meaning, it is well settled that, "[a]bsent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory" (*Matter of Van Gorder v New York State Dept. of Corr. Serv.*, 42 AD3d 834, 835; *see Matter of Al-Matin v Prack*, 131 AD3d 1293, 1293; *Matter of Rosario v Selsky*, 37 AD3d 921, 921-922), and petitioner has identified no prejudice from that single additional day of confinement.

Petitioner also contends that he was unable to establish that he was confined without a timely hearing during the period prior to the filing of the misbehavior report, i.e., while he was administratively confined during the federal prosecution, because he was denied the right to present evidence and call witnesses that would establish such improper prior confinement, and because he received inadequate employee assistance when his employee assistant did not obtain documents or interview the witnesses that would establish such improper prior confinement. We reject those contentions "inasmuch as the evidence petitioner sought to present . . . [and the witnesses he sought to call were] not relevant to the instant charges against petitioner" (*Matter of Jay v Fischer*, 118 AD3d 1364, 1364, *appeal dismissed* 24 NY3d 975; *see Matter of Pujals v Fischer*, 87 AD3d 767, 767; *Matter of Mullen v Superintendent of Southport Corr. Facility*, 29 AD3d 1244, 1244-1245). "Likewise, petitioner's claim that he was denied effective employee assistance—premised as it is on the assistant's failure to obtain the same irrelevant documentation—is without merit" (*Matter of Mullen*, 29 AD3d at 1245; *see Matter of Williams v Selsky*, 257 AD2d 932, 933).

Finally, petitioner contends that the misbehavior report is insufficient because it alleges a violation of inmate rule 1.00 (7 NYCRR 270.2 [A]), which states that "[a]ny Penal Law offense may be referred to law enforcement agencies for prosecution through the courts. In addition, departmental sanctions may be imposed based upon a criminal conviction." Petitioner contends that, because the first sentence of the regulation applies only to violations of the Penal Law, only criminal convictions under the Penal Law will support the imposition of sanctions under the second sentence. Therefore, he

contends, no sanctions may be imposed upon him because he was convicted in United States District Court of a RICO crime. We reject petitioner's contention.

Respondent, through the hearing officer, interpreted the regulation at issue to permit the imposition of sanctions based upon a conviction of any crime, and it is a "recognized principle of administrative law that great weight is to be given to an administrative agency's interpretation of its own regulations" (*People ex rel. Knowles v Smith*, 54 NY2d 259, 267; *see Matter of Brooks v Alexander*, 64 AD3d 1096, 1098). Thus, where "the construction adopted by [the agency] is not irrational, it should be sustained" (*Matter of Hop Wah v Coughlin*, 160 AD2d 1054, 1056; *see Ostrer v Schenck*, 41 NY2d 782, 786). Here, we agree with respondent that the agency's interpretation of the regulation "as authorizing the inmate's [confinement] in these circumstances [is] not irrational" (*Matter of Blake v Mann*, 75 NY2d 742, 743).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court