Pritzker, J.
 

 Appeal from a judgment of the Supreme Court (Hard, J.), entered April 25, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to, among other things, partially expunge petitioner’s prison disciplinary record.
 

 In March 1999, petitioner was convicted, upon a jury verdict, of murder in the second degree for stabbing a fellow inmate while serving time at Sing Sing Correctional Facility (People v Rodriguez, 33 AD3d 730, 730 [2006], lv denied 9 NY3d 850 [2007]). In conjunction therewith, petitioner was charged in a misbehavior report with committing an offense under the Penal Law. Following a tier III disciplinary hearing, petitioner was found guilty of that offense in March 1999 and received a penalty of, among other things, nine years in the special housing unit (Matter of Rodriguez v Director of Special Hous. & Inmate Disciplinary Programs, 71 AD3d 1346, 1347 [2010], lv denied 15 NY3d 702 [2010], cert denied 562 US 940 [2010]). On appeal, the Second Department modified the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (People v Rodriguez, 33 AD3d at 732). Petitioner thereafter commenced a proceeding seeking, among other thing, reconsideration of his March 1999 disciplinary determination. Supreme Court (Ceresia Jr., J.) dismissed the petition, and this Court affirmed (Matter of Rodriguez v Director of Special Hous. & Inmate Disciplinary Programs, 71 AD3d at 1347-1348).
 

 In August 2014, petitioner made a request pursuant to the Freedom of Information Law (see Public Officers Law art 6) for access to and, to the extent necessary, correction of his disciplinary record maintained by the Department of Corrections and Community Supervision (hereinafter DOCCS) relative to the March 1999 disciplinary determination. Dissatisfied with DOCCS’s response to his request, petitioner commenced the instant CPLR article 78 proceeding seeking similar relief. After receiving the requested records, petitioner amended his petition, seeking, among other things, to compel DOCCS to expunge his disciplinary record relative to the March 1999 disciplinary determination. Supreme Court (Hard, J.) dismissed petitioner’s application in its entirety, finding that even though petitioner’s judgment of conviction was modified, he still committed a penal offense as referenced in the March 1999 misbehavior report and, therefore, he was not entitled to expungement of the disciplinary record relative to this incident. Petitioner appeals.
 

 In support of his contention that his disciplinary record relative to the March 1999 disciplinary determination must be expunged as it does not accurately reflect the crime for which he was ultimately convicted, petitioner cites to Matter of Brown v Goord (19 AD3d 773 [2005]) and Matter of Proctor v Goord (10 Misc 3d 229 [Sup Ct, Albany County 2005]). Petitioner’s reliance upon these cases is misplaced. Expungement was warranted in those cases because the records at issue contained references to crimes for which the petitioner had been charged but not convicted (Matter of Brown v Goord, 19 AD3d at 775) and to a disciplinary determination that was administratively reversed and expunged (Matter of Proctor v Goord, 10 Misc 3d at 230). While petitioner is entitled to have his disciplinary record accurately reflect the modification of his judgment of conviction (see 7 NYCRR 5.51 [b]), neither case upon which petitioner relies supports his argument that the disciplinary record relative to the March 1999 incident in its entirety must be expunged.
 

 For any Penal Law offense, “departmental sanctions may be imposed based upon a criminal conviction” (7 NYCRR 270.2 [A]). “[DOCCS] has a strong penological interest in having the ability not only to conduct a disciplinary proceeding and impose a penalty for the violation of disciplinary rules, but also to modify that penalty in light of a subsequent criminal conviction” (Matter of Josey v Goord, 9 NY3d 386, 391 [2007]). Here, DOCCS reasonably “interpreted the regulation at issue to permit the imposition of sanctions based upon a conviction of any crime” (Matter of Sierra v Annucci, 145 AD3d 1496, 1498 [2016]; see generally 7 NYCRR 270.2 [A]). As the “ ‘construction adopted by [the agency] is not irrational, it should be sustained’ ” (Matter of Sierra v Annucci, 145 AD3d at 1499, quoting Matter of Hop Wah v Coughlin, 160 AD2d 1054, 1056 [1990], lv denied 76 NY2d 708 [1990]). Therefore, insofar as petitioner’s conviction, as modified, still constituted a penal offense, the determination denying expungement of petitioner’s entire disciplinary record relative to the March 1999 disciplinary determination is not irrational (see Matter of Blake v Mann, 75 NY2d 742, 743 [1989]; Matter of Sierra v Annucci, 145 AD3d at 1499). Petitioner’s remaining arguments have been examined and found to lack merit.
 

 Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.