Matter of Rodari v Annucci (2018 NY Slip Op 07507)





Matter of Rodari v Annucci


2018 NY Slip Op 07507


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

526333

[*1]In the Matter of SAM RODARI, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Sam Rodari, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with drug use. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon administrative review, the penalty was modified but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report and the hearing testimony of its author, together with the positive urinalysis test results and the related documentation, constitute substantial evidence to support the finding of guilt (see Matter of Harriott v Annucci, 131 AD3d 754, 754 [2015], lv dismissed 27 NY3d 1028 [2016]; Matter of Epps v Prack, 127 AD3d 1477, 1477 [2015]). Further, the record establishes that petitioner was provided with all of the mandated urinalysis testing documentation (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]) and, therefore, a proper foundation was laid for the admission of the positive test results (see Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]; Matter of Wade v Annucci, 144 AD3d 1294, 1295 [2016]).
Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to put petitioner on notice of the charge and allow him to prepare a defense (see Matter of Maletta v Amoia, 122 AD3d 962, 963 [2014]). The information prompting petitioner's drug testing "was irrelevant inasmuch as the misbehavior report and determination of guilt resulted from the two positive drug test results and not from any information obtained from the investigation leading to the request for petitioner's urine sample" (Matter of Mullen v Superintendent of Southport Correctional Facility, 29 AD3d 1244, 1245 [2006]; see Matter of Shepherd v Fischer, 63 AD3d [*2]1473, 1474 [2009]). Moreover, petitioner was not impermissibly denied his right to call as a witness an employee of the manufacturer of the urinalysis equipment, as the manufacturer's legal department informed the Hearing Officer that it would not provide an employee representative to testify at petitioner's hearing (see Matter of Matthews v Annucci, 162 AD3d 1432, 1433 [2018]; Matter of Baxton v Annucci, 142 AD3d 1235, 1236 [2016]). Furthermore, while there are recurring inaudible gaps in the hearing transcript, they are not so substantial as to preclude meaningful review (see Matter of Morales v. Venettozzi, 163 AD3d at 1376; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). Petitioner's remaining contentions, including that the Hearing Officer was biased, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.